USCA1 Opinion

 

 April 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1729 ROBERT J. HARVEY, Plaintiff, Appellant, v. UNITED STATES POSTAL SERVICE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Cornelius J. Sullivan and Sullivan & Walsh on brief for ________________________ __________________ appellant. Donald K. Stern, United States Attorney, David S. Mackey, _________________ __________________ Assistant United States Attorney, and Anne M. Gallaudet, Attorney, __________________ United States Postal Service, Law Department, on brief for appellees. ____________________ ____________________ Per Curiam. Plaintiff appeals the dismissal of __________ the complaint for failure to state a claim upon which relief can be granted. The case grows out of plaintiff's discharge from the United States Postal Service. He unsuccessfully challenged his discharge before the Merit Systems Protection Board and appealed to the Federal Circuit, which affirmed. The Supreme Court denied his petition for certiorari. Plaintiff now attempts to assert tort claims for damages based on the same alleged violations of his Fourth Amendment, privacy and due process rights which he argued before those tribunals. See generally Bivens v. Six Unknown Named Agents _____________ ______ ________________________ of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). ___________________________________ Defendants respond that the claims are preempted by the Civil Service Reform Act ("CSRA"), and barred by res judicata and ___ ________ the Federal Tort Claims Act. Applying a de novo standard of review, we are __ ____ skeptical that the complaint states any violation of plaintiff's constitutional rights. Even assuming a constitutional issue, however, the complaint does not present a proper case for a Bivens or state tort remedy. The CSRA's ______ comprehensive scheme is designed to provide the exclusive remedy for most government employee complaints of prohibited personnel practices. Schweiker v. Chilicky, 487 U.S. 412, _________ ________ 423, 427-28 (1988); Bush v. Lucas, 462 U.S. 367, 387-88 ____ _____ (1983). The exclusivity of the remedy generally bars both Bivens claims as well as state law claims for damages. See ______ ___ Roth v. United States, 952 F.2d 611, 614-16 (1st Cir. 1991); ____ _____________ Saul v. United States, 928 F.2d 829, 835-43 (9th Cir. 1991); ____ _____________ Berrios v. Department of Army, 884 F.2d 28, 30-32 (1st Cir. _______ ___________________ 1989). Plaintiff offers no reasoned argument or support for his singular assertion that the CSRA's elaborate remedial system should not bar this suit because it "sanctions the wrongful conduct of the agency and allows the blatant violation of Mr. Harvey's rights." Appellant's Br. at 7. Finding no substantial question presented as to the preemptive effect of the CSRA, we need not reach the other issues. See Resare v. Raytheon Co., 981 F.2d 32, 44-45 n.30 ___ ______ ____________ (1st Cir. 1992) (a court of appeals is free to affirm on any ground supported in the record even if the issue was not tried below). Affirmed. See Loc. R. 27.1. ________ ___ -3-